COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS. | UNITED STATES DISTRICT COURT |

```
MELISSA CHO, ET AL,         )
     Plaintiffs             )
                            )
V.                          )   CIVIL NO. 05-10195 WGY
                            )
HERIBERTO TORRES,           )
     Defendant              )
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

The defendant, Heriberto Torres, by and through counsel, Michael D. Urban, moves this honorable court to dismiss this matter pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure. As grounds in support thereof, the defendant submits that this court does not have personal jurisdiction over it. The defendant further relies upon the facts and authorities set out below.

**FACTUAL BACKGROUND**

On February 1, 2002, the plaintiffs, Melissa Chu (hereinafter, "M. Chu") and Jennifer Cho (hereinafter "J. Cho"), were passengers in a vehicle traveling on Route I-95 in Seabrook, New Hampshire. Complaint at No. 1. The vehicle in which the plaintiffs were traveling was involved in a collision with a vehicle operated by the defendant, Heriberto Torres (hereinafter, "Torres"). Complaint at No. 5-6. The plaintiffs allege that Torres negligently operated said motor vehicle so as to cause the collision. Complaint at No. 6. As a result of said collision, both plaintiffs claim to have sustained serious, permanent injury, anguish of mind as well as impaired earning capacity. Complaint at No. 7-8.

As of the time of the filing of the Complaint by the plaintiffs in this matter and at the time of the alleged accident, Torres resided at 22 Rutgers Street, New Brunswick, New Jersey.  Complaint at No. 3; Exhibit A:  Affidavit at No. 2.  Defendant Heriberto Torres currently resides at 366 Minor Street, Emmaus, PA.  Exhibit A:  Affidavit at No. 1.

At the time of the accident, Torres was employed as an independent contractor truck driver and drove through and into Massachusetts on a regular basis.  Exhibit A: Affidavit at Nos. 3, 6.  Torres has never solicited any business nor gained any profits directly from any person or company in Massachusetts and as such has never paid any state income tax in Massachusetts.  Exhibit A:  Affidavit at Nos. 5, 8.

Torres is the holder of a New Jersey driver's license and he has no property, business or personal connections to the Commonwealth of Massachusetts.  Exhibit A: Affidavit at Nos. 4, 7, 9.  For the aforementioned reasons, the defendant submits this Motion to Dismiss.

**I.      The Plaintiff's Complaint Should Be Dismissed For Lack Of Personal Jurisdiction**

A court must have personal jurisdiction over a defendant in order to adjudicate a dispute.  For a court to have personal jurisdiction over a non-resident defendant, the Massachusetts long arm statute must provide for jurisdiction and the exercise of jurisdiction must be consistent with the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  See, M.G.L. c. 223A §§3(a-h)(2005). "The plaintiff bears the burden of establishing, by relying on affirmative evidence and not merely the pleadings, a prima facie case indicating that a court has personal jurisdiction." Boudreau v. Scitex Corp. Ltd., No. 91-13059-Y, 1992 U.S.Dist. LEXIS 9629, at *4 (1st Cir. June 25, 1992); see also, Dalmau Rodriguez v. Hughes Aircraft Co.,

781 F.2d 9,10 (1st Cir. 1986), Carlson Corp. v. University of Vermont, 402 N.E.2d 483 (Mass. 1983).  If either the state's long arm statute or the Constitutional Due Process requirements are not met, the plaintiff's claim will be subject to dismissal.

### A.   Commonwealth of Massachusetts Long Arm Statute

The Massachusetts Long-Arm Statue, Mass. Gen. L. c. 223A §3 (2005), enumerates the circumstances which justify a court's assertion of personal jurisdiction over a non-resident defendant.[1]  M.G.L. c. 223A §3 states in pertinent part;

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
> (a) transacting any business in this commonwealth;
> (b) contracting to supply services or things in this commonwealth;
> (c) causing tortuous injury by an act or omission in this commonwealth;
> (d) causing tortuous injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from the goods used or consumed or services rendered, in this commonwealth…

M.G.L. c. 223A §§3(a-d).  Therefore, if personal service within the district is not possible, the plaintiff's claim must have arisen by contact of the defendant with the forum state analogous to the contacts detailed in the statute.  Boudreau v. Scitex Corp. Ltd., No. 91-13059-Y, 1992 U.S.Dist. LEXIS 9629, at *4 (1st Cir. June 25, 1992).

In this instance, the non-resident defendant does not have any contacts with Massachusetts of the types specified in M.G.L. c. 223A §3(2005).  The plaintiffs do not allege that Torres was transacting any business or contracting to supply services in the Commonwealth.  The plaintiffs also fail to allege any facts that support their contention

---

[1] Personal jurisdiction must be consistent with both the Massachusetts long arm statute and the U.S. Constitution, and the Massachusetts statute cannot confer jurisdiction where such jurisdiction would violate due process.  See, Bond Leather Co., Inc. v. G.T. Show Mfg. Co., Inc., 764 F.2d 928, 931 (1st Cir. 1985), Whittaker Corp. v. United Aircraft Corp., 482 F.2d 1079, 1083 (1st Cir. 1973);  see also, Shute v. Carnivale Cruise Lines, 897 F.2d 377 (9th Cir. 1990).

that the products the truck driver was transporting at the time of the accident were destined, either directly or indirectly, for Massachusetts stores or consumers. See, Corcoran et al. v. United Natural Foods, Inc. et al., 18 Mass. L. Rep. 477 (2004) (defendant truck driver not subject to personal jurisdiction where plaintiff's argument did not satisfy the "arising from" clause of M.G.L. c. 223A §3 (2005).).  Furthermore, the plaintiffs do not allege that any injury was sustained in Massachusetts.  In sum, the plaintiffs' claims that Torres was driving on I-95 and a collision occurred in New Hampshire between the vehicle he was driving and the vehicle in which the plaintiffs were passengers (Complaint) tie no actions of Torres in Massachusetts to the alleged accident or any resulting damage.  The plaintiffs, therefore, have failed to establish any evidence that the defendant had contacts with Massachusetts and that those contacts are sufficiently linked to the accident that occurred in New Hampshire.  Since no prong of M.G.L. c. 223A §3 is satisfied, the court has no personal jurisdiction over Torres and this action should be dismissed.

**B.   Constitutional Requirements**

Constitutional requirements must also be satisfied prior to an assertion of personal jurisdiction over a non-resident defendant.  There are two forms of personal jurisdiction, general and specific, and the minimum contacts analysis is different for each.  United States of America v. Swiss American Bank, Ltd. et al., 116 F.Supp.2d 217 (D. Mass. 2000).

If the defendant has no contacts with the forum state whatsoever, due process will prohibit maintenance of suit.  See, Jones v. North American Aerodynamics, Inc.,

594 F. Supp. 657, 659 (D. Me. 1984), (citing World Wide Volkswagen Corp., 444 U.S. 286, 295 (1980).

If some contacts with the forum are shown, further analysis is required. A court will consider five factors when determining whether sufficient contacts have been made with a state to warrant personal jurisdiction within that state. Estate of Rick, Jr. v. Stevens et al., 145 F.Supp. 2d 1026 (3rd Cir. 2001). These five factors are: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents, and; (5) the convenience of the parties. Estate of Rick, Jr., 145 F. Supp. 2d at 1032.

Specific personal jurisdiction may be asserted if the underlying claim directly relates to or arises from the defendant's contacts with the forum. See, Helicopteros Nacionales de Columbia S.A. v. Hall, 466 U.S. 408, 413-16 (1984). Plainly, such jurisdiction does not exist here, given the accident arose in new Hampshire.

However, if the defendant's contacts with the forum are unrelated to the subject matter of the suit, then due process will prohibit maintenance of suit in that forum unless the defendant's contacts with the forum are "continuous and systematic" thereby constituting general personal jurisdiction. Id. "General personal jurisdiction refers to the power of a state to adjudicate any cause of action and does not depend on the relationship between the cause of action and the contacts [with the state]." Estate of Rick, Jr. v. Stevens et al., 145 F.Supp. 2d at 1034 (quoting, Wessels, Arnold & Henerson v. National Medical Waste, Inc., 65 F.3d 1427, 1432 (8th Cir. 1995). Rather, general personal jurisdiction depends on "whether the contacts are significant enough in

5

number and importance to justify general jurisdiction." <u>Simpson v. Quality Oil Company, Inc. et al</u>., 723 F. Supp. 382, 388 (D. Ind. 1989). If the plaintiff's injury does not arise out of something done in the forum state, then other contacts between defendants and the state must be fairly extensive before the burden of defending a suit there may be imposed upon them without offending traditional notions of fair play and substantial justice. <u>See</u>, <u>Carter v. Massey</u>, 436 F.Supp 29 (D. Md. 1977). "The sufficiency of minimum contacts cannot be determined by any set formula or rule of thumb, but must rest on a consideration of what is fair and reasonable in the circumstances of each particular case." <u>Simpson v. Quality Oil Company</u>, 723 F.Supp. at 386 (quoting <u>Deluxe Ice Cream Co. v. RCH Tool Corp</u>., 726 F.2d 1209 (7th Cir. 1984).

In <u>Obermeyer v. Hilliland</u>, 873 F.Supp. 153 (D. Ill. 1995), the court held that there was no personal jurisdiction in Illinois where the accident occurred in Michigan and the defendant, an interstate truck driver from Michigan, routinely hauled to and from Illinois. "Fundamental fairness mandated that the mere fact that the driver routinely drove into Illinois as part of his job was not sufficient to justify subjecting the driver to the powers of Illinois Courts for suits not arising from his work in Illinois." <u>Id</u>. at 158.

Further, periodically stopping in a state is not sufficient to warrant general personal jurisdiction. In <u>Young v. Trappier</u>, 2002 WL 1832849 (E.D.Pa) the court granted the defendant's motion to dismiss because the court lacked personal jurisdiction. The plaintiff, a Pennsylvania resident, filed suit against the defendant, a North Carolina resident, in the Eastern District Court of Pennsylvania for an accident that occurred in North Carolina. <u>Young v. Trappier</u>, 2002 WL 1832849 at *1 (E.D.Pa). The court held that the plaintiff's claims that the parties had made visits to each other's

home state for over thirty years was not continuous or systematic enough to subject the defendant to jurisdiction in Pennsylvania. Young v. Trappier, 2002 WL 1832849 at *2. Hence, even visits to a state will not be grounds for personal jurisdiction unless they are systematic and continuous enough.

In the present case, it is undisputed that the cause of action arises from an accident that occurred in New Hampshire. Complaint at No. 1. Additionally, the defendant has no contacts with Massachusetts directly related to the car accident. See, Berry v. Salter, 179 F.Supp. 2d 1345, 1348 (D. Al. 2001) (no personal jurisdiction in Alabama because contracts bringing a truck driver into or through Alabama have no relationship to the accident that occurred in Georgia). Therefore, because the cause of action did not arise out of events occurring in the state of Massachusetts, Torres should not be subject to *specific personal jurisdiction* of the court in this case.

The plaintiff also fails in establishing *general personal jurisdiction*. Like the defendant in Obermeyer, who routinely hauled loads into and through Illinois, Torres routinely drove into and through Massachusetts in the course of his trucking route. Exhibit A: Affidavit at No. 6. Similarly, Torres should not be subject to general personal jurisdiction for entering the Commonwealth in the course of his work. Other then driving to and through Massachusetts as part of his trucking route, Torres has no contacts with the state. Even though he drives interstate routes, Torres is the holder of a New Jersey driver's license. Exhibit A: Affidavit at No. 4. Torres does not own any property, operate any business, gain any profits directly from any company or pay any income tax in Massachusetts. Exhibit A: Affidavit at Nos. 5, 7, 8. Furthermore, Torres does not even have any personal or familial contacts with the Commonwealth. Exhibit A:

Affidavit at No. 9. While it is certainly reasonable to expect to be "hailed into court" as a result of an automobile accident occurring within a particular state's jurisdiction, it is indeed offensive to the interests of substantial justice to expect a driver to be subject to personal jurisdiction in a bordering state merely because it is a more convenient forum for one of the plaintiffs. For the abovementioned reasons, general personal jurisdiction does not exist and summary judgment should be granted.

## CONCLUSION

WHEREFORE, the defendant respectfully moves this Honorable Court to dismiss this action, with prejudice, pursuant to Massachusetts Rules of Civil Procedure Rule 12.

By his attorney,

/s/ Michael D. Urban
Michael D. Urban
B.B.O. No. 565757
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
617-878-4618
michael.urban@cna.com

## CERTIFICATE OF SERVICE

I, Michael D. Urban, attorney for the Defendant, Heriberto Torres, in the above-entitled action, hereby certify that on the 1st day of August, 2005, I filed this Memorandum of Law in Support of Defendant's Motion to Dismiss electronically with the Court, which constitutes service under the Local Rules upon the following counsel:

Darin M. Colucci, Esquire
Colucci, Colucci & Marchus, P.C.
552 Adams Street
Milton, MA  02186

/s/ Michael D. Urban
Michael D. Urban
B.B.O. No.  565757
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
617-878-4618
michael.urban@cna.com

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA CHO, ET AL, ) | |
|     Plaintiffs ) | |
| ) | |
| V. ) | CIVIL NO. 05-10195 WGY |
| ) | |
| HERIBERTO TORRES, ) | |
|     Defendant ) | |

## AFFIDAVIT OF HERIBERTO TORRES

I, Heriberto torres, do hereby depose and state as follows:

1. My name is Heriberto Torres. I currently reside at 366 Minor Street, Apartment 1, Emmaus, Pennsylvania.

2. As of February 1, 2002, I resided at 22 Rutgers Street, New Brunswick, New Jersey.

3. As of February 1, 2002, I was employed as an independent contractor truck driver. At the time of the accident, I was driving in New Hampshire.

4. I am the holder of a New Jersey driver's license.

5. In my capacity as a truck driver I did not solicit any business nor gain any profits directly from any person or company in Massachusetts.

6. As of February 1, 2002, in the course of my employment as a truck driver, I regularly drove a truck in or through Massachusetts and at times made deliveries in facilities in Massachusetts.

Exhibit A

7. As of February 1, 2002, I did not own property in Massachusetts or operate a business in Massachusetts.

8. I have never paid any income tax to the state of Massachusetts.

9. I do not travel to Massachusetts routinely for any personal reason as I have no connection other then my routine trucking route to the state.

Signed under the pains and penalties of perjury this __29_ day of <u>August</u>, 2005.

                                              <u>/s/ Heriberto Torres</u>
                                              Heriberto Torres