UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                          )
MELISSA CHU and           )
JENNIFER CHO,             )
     Plaintiffs           )
            v.            )      Civil Action No.: 05-10195 WGF
                          )
HERIBERTO TORRES,         )
     Defendants           )
_____ )
```

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S CROSS MOTION TO TRANSFER ACTION PURSUANT TO 28 U.S.C. SEC. 1631**

1. The Plaintiffs, Melissa Chu and Jennifer Cho (hereinafter referred to as "Plaintiffs"), opposes the Defendant's Motion to Dismiss the Plaintiff's Complaint pursuant to the Federal Rules of Civil Procedure Rule 12(b)(2), and respectfully requests that this Honorable Court deny said motion and allow the Plaintiff's action to continue.

2. The Plaintiffs state that this action should not be dismissed for lack of personal jurisdiction over the defendant, Heriberto Torres (hereinafter referred to as "Defendant"), since the court does have adequate personal jurisdiction over the Defendant.

3. However, in the event that this Honorable Court determines that personal jurisdiction over the Defendant is lacking, the Plaintiffs respectfully request that this action be transferred pursuant to 28 U.S.C. Sec.1631 to the proper district court in the interests of justice.

4. In support of this Opposition to the Defendant's Motion to Dismiss and Motion to Transfer pursuant to 28 U.S.C. Sec.1631, the Plaintiffs rely upon the pleadings and accompanying memorandum of law.

5. <u>LR 7.1 Certification</u>: I hereby certify that I have conferred with opposing counsel in a good faith effort to seek concurrence in this cross motion but that Defendant's counsel does not concur.

> Melissa Chu and Jennifer Cho,
> By their Attorney,
> <u>/s/ Sarah F. Jubinville</u>
> Sarah F. Jubinville, Esq.
> B.B.O. No. 662238
> COLUCCI, COLUCCI, MARCUS & FLAVIN, P.C.
> 552 Adams Street
> Milton, MA 02186
> (617) 698-6000
> sjubinville@coluccilaw.com

Case 1:05-cv-10195-WGY    Document 11    Filed 08/12/2005    Page 2 of 15

**CERTIFICATE OF SERVICE**

  I, Sarah F. Jubinville, attorney for the Plaintiffs, Melissa Chu and Jennifer Cho, in the above-entitled action, hereby certify that on the 11th day of August, 2005, I filed this Opposition to the Defendant's Motion to Dismiss electronically with the Court, which constitutes service under the Local Rules upon the following counsel:

Michael D. Urban, Esquire
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108

                /s/ Sarah F. Jubinville
                Sarah F. Jubinville, Esq.
                B.B.O. No. 662238
                COLUCCI, COLUCCI, MARCUS &
                FLAVIN, P.C.
                552 Adams Street
                Milton, MA 02186
                (617) 698-6000
                sjubinville@coluccilaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MELISSA CHU and | ) | |
| JENNIFER CHO, | ) | |
| Plaintiffs | ) | |
| vi. | ) | Civil Action No.: 05-10195 WGF |
| | ) | |
| HERIBERTO TORRES, | ) | |
| Defendants | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, PLAINTIFF'S MOTION TO TRANSFER ACTION PURSUANT TO 28 U.S.C. SEC. 1631**

The Plaintiffs, Melissa Chu and Jennifer Cho, by and through their counsel, Sarah F. Jubinville, respectfully request this Honorable Court to deny the Defendant's Motion to Dismiss pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure. As grounds in support of the denial of Defendant's motion, the Plaintiffs submit that this Honorable Court does have personal jurisdiction of the Defendant in this action. However, if this Court does find that personal jurisdiction is lacking over the Defendant, the Plaintiffs respectfully request that as an alternative to dismissal, the action be transferred to the proper district court pursuant to 28 U.S.C. Sec. 1631, in the interests of justice.

**FACTUAL BACKGROUND**

On February 2, 2002, the plaintiffs, Melissa Chu and Jennifer Cho (hereinafter referred to as "the plaintiffs"), were passengers in a vehicle driven by Faith Chyou.

Complaint at No. 4.  The vehicle was traveling on Route I-95 North in Seabrook, New Hampshire, when that vehicle became involved in a collision with a vehicle operated by the defendant, Heriberto Torres (hereinafter referred to as "the defendant").  Complaint at No. 5-6.  The defendant was operating his vehicle negligently and caused the collision, which is the subject of the plaintiff's complaint.  Complaint at No. 6.  The plaintiffs sustained severe, permanent personal injuries and have been caused to suffer great bodily pain, anguish of mind and loss of earning capacity in the future.  Complaint at No. 7.

As of the time when the Complaint was filed, the plaintiff, Melissa Chu, was and continues to be a Massachusetts resident who resides at 7 Blinn Road in Lexington, Massachusetts.  Complaint at No. 1.  Additionally, at the time of the filing of the Complaint, the plaintiff, Jennifer Cho, was a resident of the State of California and resided at 1345 Gona Court in Walnut, California.  Complaint at No. 2.  The defendant was a resident of New Jersey residing at 22 Rutgers Street in New Brunswick, New Jersey, at the time of the filing of the Complaint.  Complaint at No. 3.  The Summons and Complaint was served appropriately on the defendant at his place of residence in New Brunswick, New Jersey on May 27, 2005.  Affidavit of Service attached.

At the time of the accident, the defendant did, in fact, have ties with the State of Massachusetts, and continues to have ties with the state by way of his occupation.  As a truck driver, he regularly utilizes the highways and roadways of the State of Massachusetts.  Affidavit of Heriberto Torres at No. 6.  For the aforementioned reasons, the plaintiffs respectfully request that this Honorable Court deny the

defendants Motion to Dismiss and allow this action to go forward. However, if this Honorable Court should find personal jurisdiction over the defendant lacking, then in the interests of justice, the plaintiffs respectfully request that it be transferred to the appropriate district court pursuant to 28 U.S.C. sec.1631.

**I.    The Defendant's Motion to Dismiss Should Be Denied Since The Court Does Not Lack Personal Jurisdiction Over The Defendant**

**Commonwealth of Massachusetts Long Arm Statute-**

In order for a non-resident defendant to be subject to personal jurisdiction in the Federal District Court of Massachusetts, the exercise of jurisdiction must be authorized by the Massachusetts Long Arm Statute, as well as, meet the constitutional requirements of due process. Connecticut National Bank v. Hoover Treated Wood Products, Inc., 638 N.E.2d 942 (1994). However, the Massachusetts Long Arm Statute is to be broadly construed in order to allow the Commonwealth to protect its citizens, which is a legitimate desire of the state. Bartow v. Extec Screens and Crushers, Ltd., 53 F.Supp.2d 518 (1999). Although the burden of demonstrating that the Massachusetts long-arm statute applies to the instant case is on the party asserting jurisdiction, the statute is to be read "with much generosity and breadth." Telco Communications, Inc. v. New Jersey State Fireman's Mut. Benev. Ass'n, 669 N.E.2d 781 (1996).

The Massachusetts Long Arm Statute, Mass. Gen. L. c. 223A sec.3 (2005), states the circumstances, which justify a court's exercise of personal jurisdiction over a non-resident defendant. If a court seeks to assert personal jurisdiction over a non-resident defendant in a diversity case, then at least one

prong of the Massachusetts Long Arm Statute must be met. Boudreau v. Scitex Corporation, Ltd., No. 91-13059-Y; 1992 U.S. Dist. LEXIS 9629, at 4 (1st Cir. June 25, 1992).

In the instant case, the plaintiffs argue that M.G.L. c. 223A sec.3(d) applies and is satisfied to grant the court personal jurisdiction over the non-resident defendant, assuming that the Constitutional requirements are met. Under this provision of the long-arm statute, the court may exercise jurisdiction over a non-resident defendant if he causes tortuous injury in this commonwealth by an act or omission outside of the commonwealth and he regularly engages in any persistent course of conduct in this commonwealth. M.G.L. c. 223A sec. 3(d) (2005).

Upon examination of the facts of this case, the defendant admits that he is and, was at the time of the accident, employed as a truck driver who regularly drove in and through Massachusetts in the course of his employment. Affidavit of Heriberto Torres at No. 6. Additionally, the defendant admits that he regularly made deliveries to facilities in Massachusetts through the course of his employment. Affidavit of Heriberto Torres at No. 6. The plaintiff's argue that the defendant by an act or omission outside of the Commonwealth, (negligent driving in New Hampshire), caused tortuous injury to be inflicted in the Commonwealth by severely injuring the plaintiff resident, Melissa Chu, who was required to receive extensive medical treatment in the forum state. The court should find that these facts support a finding that M.G.L. c. 223A sec. 3(d) has been satisfied.

**Constitutional Considerations**

In order to validly exercise personal jurisdiction over a non-resident defendant, the court must also consider the Constitutional requirements of which there are two distinctions, general jurisdiction and specific jurisdiction. United States of America v. Swiss American Bank, Ltd., et al., 116 F.Supp.2d 217 (D.Mass. 2000). As the defendant noted in their memorandum, if the non-resident defendant has "some" contact with the forum state, then the court must further analyze the factors surrounding the defendant's contacts with that forum. Estate of Rick, Jr., 145 F.Supp.2d 1026 (3rd Cir. 2001). In the present case, the non-resident defendant does have some contact with the forum state as he utilizes the highways and roadways for his employment and does so regularly. Affidavit of Heriberto Torres at No. 6. The courts have enumerated the five factors to determine the extent of a non-resident's contacts with a forum state as being: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents, and; (5) the convenience of the parties. Estate of Rick, Jr., 145 F.Supp.2d at 1032. If upon examination of these factors, the court determines that the defendant's contacts are "continuous and systematic," the court will find that they have general jurisdiction over the non-resident defendant. Helicopteros Nacionales de Columbia S.A. v. Hall, 466 U.S. 408, 413-16 (1984).

As stated in the case law, general jurisdiction refers to that exercise of personal jurisdiction over a non-resident defendant based on his contacts with the forum state and not the relationship between the cause of action and the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). In examining the five factors enumerated by the courts in determining the degree of continuous and systematic contacts that the defendant has with the forum state, the first three factors are most important. Estate of Rick, Jr., 145 F.Supp.2d at 1032. The plaintiffs argue that the defendant has sufficient contacts with Massachusetts of a nature and quality that satisfy the due process requirements of the Constitution. The nature of his contacts with the forum, by his own admission, are driving to and from Massachusetts to make deliveries relative to his employment from which, one can assume, he generates income. He utilizes the roadways and highways throughout Massachusetts when making deliveries or when passing through Massachusetts to another state. By his own admission, he performs these activities and travels through Massachusetts regularly for work. Therefore, not only is prong (1) satisfied, but also prong (2), which examines the quantity of contacts with the forum state.

The third prong is satisfied because there is a relationship between the cause of action and the defendant's minimum contacts with Massachusetts. Estate of Rick, Jr., 145 F.Supp.2d at 1032. The relationship that exists is that one of the plaintiffs, Melissa Chu, is a Massachusetts resident who was severely injured as a result of the negligence of the defendant while operating a motor vehicle for his job. Ms. Chu required extensive medical treatment most of which was rendered

here in the Commonwealth. Therefore, as a result of this accident, the defendant could reasonably expect to be "hailed into" court in the forum state.

The final two factors in the test do indicate that there is a basis for general jurisdiction over the non-resident defendant in the case. Under the case law relating to the Massachusetts Long Arm Statute, the courts of the Commonwealth are to broadly construe the provisions of the statute to protect its citizens, which is a legitimate desire of the state. Bartow v. Extec Screens and Crushers, Ltd., 53 F.Supp.2d 518 (1999). This would indicate that Massachusetts has a strong interest in protecting its residents and adjudicating disputes involving those residents. There is no question in this case that the Commonwealth has an interest in providing a forum for its resident, Melissa Chu, who was severely injured in this accident.

The last prong of the test seeks to examine the convenience of the parties in adjudicating this dispute in the Massachusetts courts. Estate of Rick, Jr., 145 F.Supp.2d at 1032. This prong provides a very strong argument for allowing this action to be litigated here in Massachusetts. Not only is one of the plaintiffs located here, but also the plaintiffs' attorneys and defendant's attorney are all located in the Commonwealth. Additionally, a key eyewitness to the accident, Mr. John Jenkins, is located in the Commonwealth, as well as, the majority of the plaintiff, Melissa Chu's, doctors and medical experts. Therefore, the plaintiffs argue that Massachusetts is the most convenient forum for litigating this action.

However, if the court should feel that a showing of personal jurisdiction is lacking in the present case, the plaintiffs would also like to remind the court that

no discovery has been done on this case at this point in time. On July 12, 2005 a scheduling conference was held before this Court in order to set a time schedule for this action and, to date, the parties have conducted no discovery regarding any of the parties to the case or the circumstances surrounding the accident, itself. Although the plaintiff bears the burden of showing that a court has jurisdiction in a particular matter, if the defendant makes a motion to dismiss for lack of personal jurisdiction prior to discovery, the plaintiff can satisfy that burden by showing "legally sufficient allegations of jurisdiction." Namer v. America Networks International, Inc., 2001 WL 30663 (S.D.N.Y.), (citing Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir.1996). In the Namer case, since no extensive discovery had been conducted with regard to jurisdiction over the defendant, Apelboim, the plaintiff simply had to show that Mr. Apelboim's company had engaged in some sort of purposeful conduct in the forum state, with Apelboim's knowledge and consent, and that he exercised some control over the company in these activities. Namer v. America Networks International, Inc., 2001 WL 30663, 1 (S.D.N.Y.).

In the Rich case, the court stated that where the defendant has filed a Motion to Dismiss and discovery has not yet been conducted, a plaintiff need only make a prima facie showing of personal jurisdiction over that defendant. Rich v. Kis California, Inc., 121 F.R.D. 254, 259 (1988).

In the case at hand, since there has been no discovery conducted with regard to the defendant's employment circumstances and his contacts with the State of Massachusetts, this motion to dismiss is premature. The plaintiffs would

like to suggest that if a deposition of the defendant were conducted regarding this issue, the plaintiffs would then be in a better position to show that the court does not lack personal jurisdiction over this defendant. Considering the above-stated facts regarding the defendant's employment and the case law, the plaintiffs argue that they have made a "legally sufficient allegation of jurisdiction."

Lastly, as stated in the defendant's memorandum, "the sufficiency of minimum contacts cannot be determined by any set formula or rule of thumb, but must rest on consideration of what is fair and reasonable in the circumstances of each particular case." Simpson v. Quality Oil Company, 723 F.Supp. 382, 386 (D.Ind. 1989), (quoting Deluxe Ice Cream Co. v. RCH Tool Corp., 726 F2d 1209 (7th Cir. 1984)). Of course all facts and reasonable inferences must be drawn in the light most favorable to the non-moving party. International Steel Co. c. Charter Builders, Inc., 585 F.Supp. 816, 819 (S.D.Ind.1984). Therefore, the plaintiffs argue that personal jurisdiction is not lacking over the defendant and request that the court deny defendant's Motion to Dismiss.

**II.     If The Court Finds That Personal Jurisdiction Is Lacking, The Action Should Be Transferred Pursuant To 28 U.S.C. Sec. 1631**

Pursuant to 28 U.S.C. sec.1631 a court is empowered to transfer a case, which was improperly brought in its jurisdiction to another jurisdiction, if the case could have been brought in the transferee district at the time of the filing of the Complaint, and if it is in the interests of justice. P.A.T. Company v. CrimTec Corporation, 1993 WL 257094 (D.Kan.). A court upon determining that personal jurisdiction over the non-resident defendant is lacking, "shall, if it is in the

interests of justice, transfer such action" to any district in which it could have been brought at the time of the filing of the Complaint. Id at 4.

In the case at hand, the plaintiffs concede that the Complaint could have been filed in the United States District Court of New Hampshire on or about February 1, 2005. The statute of limitations for negligence actions in New Hampshire is the same period as in Massachusetts; three years from the date of the accident. However, since one of the plaintiff's resided in Massachusetts, the plaintiffs received the majority of their medical treatment in Massachusetts, and a key witness to the accident resided in Massachusetts, the plaintiffs thought that the United States District Court for the District of Massachusetts was the most appropriate and most convenient district in which to bring this action. The plaintiffs also concede that New Hampshire law would be applied because of the fact that the accident occurred in New Hampshire. Additionally, the plaintiffs believed and still believe that they did, in fact, have personal jurisdiction over the defendant, considering his employment as a truck driver coupled with the fact that he regularly makes deliveries into Massachusetts utilizing the roadways and highways, and even perhaps generating income from his contacts with Massachusetts.

If the court does find that the plaintiffs lack personal jurisdiction over the non-resident defendant, then the plaintiffs argue that this mistake was one of good faith. Since, the statute of limitations for this action would now be expired, to dismiss this action instead of simply transferring it to the proper court would not be in the interests of justice. In fact, it would leave the plaintiffs with no other

remedy for their injuries. Additionally, a transfer is in the interests of justice since the accident occurred in New Hampshire, the New Hampshire State Police responded to and investigated this accident, and several witnesses to the accident reside in either northern Massachusetts or New Hampshire.

In 28 U.S.C.A. sec.610, the "courts" to which an action can be transferred under 28 U.S.C. sec.1631 includes "the courts of appeals and district courts of the United States." Additionally, under the New Hampshire Long Arm Statute, the United States District Court for the District of New Hampshire would have personal jurisdiction over the non-resident defendant since he commited a tortuous act within the state of New Hampshire. RSA 510:4, I (1997). The New Hampshire court would also find that the requirements of Federal Due Process Clause are met since the court would have specific jurisdiction over the non-resident defendant in that, (1) the cause of action arises out of, or relates to, defendant's contacts with the forum state (a motor vehicle accident while in the state), and (2) the defendant purposefully availed himself of the privilege of conducting activities within the state (driving a motor vehicle on a state highway), and (3) allowing suit to go forward in the forum state if fair and reasonable (witnesses and police located in the state). Thomas v. Telegraph Pub. Co., 859 A.2d 1166 (2004).

Since 28 U.S.C. sec.1631 allows the transfer of a case to cure want of personal jurisdiction, if it is in the interests of justice, the plaintiffs respectfully request that, if the court finds that jurisdiction is lacking, transfer of this case to the United States District Court for the District of New Hampshire is proper. It is

in the interests of justice for the court to do so as the plaintiffs made a good faith mistake in choosing the improper forum and therefore, dismissal is not appropriate in this instance.

## **CONCLUSION**

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court deny the Defendant's Motion to Dismiss, or in the alternative, if the court determines that personal jurisdiction over the Defendant is lacking, that this Court cure want of jurisdiction by transferring the action to a court of competent jurisdiction pursuant to 28 U.S.C. Sec. 1631.

>
> Melissa Chu and Jennifer Cho,
> By their Attorney,
> /s/ Sarah F. Jubinville
> Sarah F. Jubinville, Esq.
> B.B.O. No. 662238
> COLUCCI, COLUCCI, MARCUS & FLAVIN, P.C.
> 552 Adams Street
> Milton, MA 02186
> (617) 698-6000
> sjubinville@coluccilaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Melissa Chu and )<br>Jennifer Cho, )<br>    Plaintiffs )<br>)<br>v. )<br>)<br>Heriberto Torres ) | CIVIL ACTION NO.: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, Melissa Chu, is an individual who resides at 7 Blinn Road, Lexington, Commonwealth of Massachusetts.

2. The Plaintiff, Jennifer Chu, is an individual who resides at 1345 Gona Court, Walnut, California.

3. The Defendant, Heriberto Torres, is an individual who resides at 22 Rutgers Street, New Brunswick, New Jersey.

### FACTS

4. On or about February 1, 2002, the Plaintiffs, Melissa Chu and Jennifer Cho, were passengers in a vehicle that was traveling on Route I95, a public way, in Seabrook, New Hampshire.

5. At all times material hereto, the Defendant, Heriberto Torres was the operator of a motor vehicle that was traveling on Rout I95, a public way in Seabrook, New Hampshire.

6. The defendant, Heriberto Torres, then and there so negligently, recklessly, carelessly and unskillfully operated the aforesaid motor vehicle so as to cause the same to collide with another vehicle.

7. As a result of the aforesaid collision, the Plaintiff, Melissa Chu, sustained serious personal injuries and was caused to suffer great pain of body and anguish of mind. Her earning capacity has been and will be impaired, and she has expended

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

and will continue to expend large sums of money for medical care and attendance.

8. As a result of the aforesaid collision, the Plaintiff, Jennifer Cho, sustained serious personal injuries and was caused to suffer great pain of body and anguish of mind. Her earning capacity has been and will be impaired, and she has expended and will continue to expend large sums of money for medical care and attendance.

## COUNT I

### NEGLIGENCE

9. The Plaintiff repeats and reavers all of the allegations previously set forth in paragraphs one through seven of this Complaint as if rewritten and realleged herein.

10. As the direct and proximate result of the negligence and/or gross negligence of the Defendant, Heriberto Torres, the Plaintiff, Melissa Chu, was seriously injured, was caused to suffer great pain of body and anguish of mind. Her earning capacity has been and will be impaired, and she has expended and will continue to expend large sums of money for medical care and attendance.

11. Wherefore, the Plaintiff, Melissa Chu, demands judgment against the Defendant, Heriberto Torres, in an amount sufficient to compensate for all losses, plus interest, attorneys' fees and costs of this action.

## COUNT II

### NEGLIGENCE

12. The Plaintiff repeats and reavers all of the allegations previously set forth in paragraphs one through seven of this Complaint as if rewritten and realleged herein.

13. As the direct and proximate result of the negligence and/or gross negligence of the Defendant, Heriberto Torres, the Plaintiff, Jennifer Cho, was seriously injured, was caused to suffer great pain of body and anguish of mind. Her earning capacity has been and will be impaired, and She has expended and will continue to expend large sums of money for medical care and attendance.

12. Wherefore, the Plaintiff, Jennifer Cho, demands judgment against the Defendant, Heriberto Torres, in an amount sufficient to compensate for all losses, plus interest, attorneys' fees and costs of this action.

*COLUCCI, COLUCCI & MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES PRESENTED.

                        Respectfully Submitted,

                        For The Plaintiffs,

                        By Their Attorneys,

                        _____

                        s/Darin Colucci

                        Darin M. Colucci, Esq.
                        COLUCCI, COLUCCI & MARCUS, P.C.
                        552 Adams Street
                        Milton, MA 02186
                        (617) 698-6000
                        BBO#563232

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

# UNITED STATES DISTRICT COURT

District of _____

Melissa Chu and
Jennifer Cho

V.

Heriberto Torres

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

05 10195 WGY

TO: (Name and address of Defendant)

Heriberto Torres
22 Rutgers Street
New Brunswick, NJ

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Darin M. Colucci
COLUCCI, COLUCCI & MARCUS, P.C.
552 Adams Street
Milton, MA 02186
(617)698-6000

an answer to the complaint which is herewith served upon you, within \_\_\_\_20\_\_\_\_ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

TONY ANASTAS                                        2-1-05
CLERK                                               DATE

(By) DEPUTY CLERK

```
*******  A F F I D A V I T  O F  S E R V I C E  ******   5/20/05
SHERIFF'S NUMBER..L  235828   DEFENDANT SEQUENCE 001 OF 001  OFFICER........KENT
TYPE OF SERVICE..........    SUMMONS AND COMPLAINT
===============================================================================
I, JOSEPH C. SPICUZZO, SHERIFF OF MIDDLESEX COUNTY, DO HEREBY DEPUTIZE

                      _____Mavn Repl_____
                       ( PRINT OFFICER'S NAME )
  AND APPOINT TO BE MY DEPUTY, TO EXECUTE AND RETURN THE WRIT ACCORDING TO LAW.
*==================== ATTORNEY ==================*
:                                                :        CHECK #       AMOUNT
:  COLUCCI COLUCCI & MARCUS                      :        9018           27.00
:                                                :
:  552 ADAMS ST                                  :        CONTROL #   463780
:                                                :
:  MILTON               MA     02186             :
================================== COURT DATA ================================DAWN
COURT OF ISSUANCE........ UNITED DISTRICT COURT
  RETURN   DATE 5/31/05   TIME  :           DAYS 00
  DOCKET.....0510195WGY      STATE.... MA       COUNTY OF VENUE....NONE
============================== CAPTION OF CASE ===============================
INDIVIDUAL NAME..........  MELISSA         CHU, ET AL
  VS... HERIBERTO TORRES
=================DEFENDANT OR NAMED WITHIN TO BE SERVED=======================
INDIVIDUAL NAME..........  HERIBERTO       TORRES
                         *====================================================*
  ADDRESS 1.............. |22 RUTGERS ST                                       |
  ADDRESS 2.............. |SERVE BY MAY 31, 2005                               |
  TOWN/STATE/ZIP......... |NEW BRUNSWICK                 NJ      08901         |
============================= PAPERS SERVED ==================================
SUMMONS AND COMPLAINT                       JURY DEMAND
OUT OF STATE-REQUIRES DESCRIPTION           GET MILITARY STATUS OF DEFENDANT
```

5/27/05 2000 hrs. NO ANS. AB

```
==================== S E R V I C E  D A T A  R E C O R D E D =================
|✓|...SERVED SUCCESSFULLY    | |...UNABLE TO SERVE     DATE..|5|-|27|-|05|
                                                       TIME..|20|:|10|:|hrs.|
REMARKS: defendant Apt is in rear of house Basement
         |✓|.....COPY PERSONALLY DELIVERED
         | |.....COPY LEFT WITH:
                 COMPETENT HOUSEHOLD MEMBER OVER 14 YEARS    ATTEMPTS
                 OF AGE RESIDING THEREIN
         | |.....DULY SERVED ON SELF/SPOUSE AT THEIR ABODE
PERSON SERVED..........

                                   |...IS IN THE MILITARY |✓|...NOT IN THE MILITARY
SEX    : |✓| MALE    | | FEMALE
SKIN   : | | WHITE   | | BLACK    | | YELLOW  |✓| BROWN    | | RED
HEIGHT : | | UNDER 5 FEET | | 5.0-5.6FT  |✓| 5.7-6.0    | | OVER 6FT
WEIGHT : | | UNDER 100LBS | | 100-150LBS |✓| 151-200LBS | | OVER 200LBS
HAIR   : | | BLACK   | | BROWN   |✓| BLOND  | | GRAY | | RED | | WHITE |✓| BALDING
AGE    : | | 14-20   | | 21-35   | | 36-50  | | 51-65 | | OVER 65
```

SWORN TO AND SUBSCRIBED BEFORE ME
ON May 31, 2005                                        _____
                                                              SIGNATURE
   DAWN M. OLIVER                                     DEPUTY SHERIFF OF MIDDLESEX COUNTY
   NOTARY PUBLIC OF NEW JERSEY                              STATE OF NEW JERSEY
   Commission Expires 3/19/2010